Allen Wolfson
03430-018
Metropolitan Detention Center
P.O.BOX 329002
Brooklyn New York 11232

FILED
U.S. DISTRICT COURT
2008 JAN 28 P 2:41
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION | Case No. 2:03CV-914(DK) |
| VS | Rule 60(b) motion to void court order and ret>rn all of Allen Wolfson's Assets |
| DAVID WOLFSON et.al | |

A court judgment that is void maybe atttacked by motion under rule 60(b) by denying the validity of the judgment when it is relied on in a subsequent action. At any rate a judgement rendered by this court that lacked jurisdiction is universally characterized as "VOID".

Jurisdiction over Allen Wolfson assets was lacking becausethe process employed did not give adequate notice that judgment was rendered. The judgment to seize intervenors assets is void on due process grounds in all circumstances.

A judgment to seize Allen Wolfson's assets is void and therefore subject to relief under rule 60(b)(4) because the court that rendered judgment lacked jurisdiction. In the circumstances here the court's action amounts to a usurpation of power constitting a violation of due process. <u>United States v Boch Oldsmobile Inc.</u> 909 F.2d 657,661(1stCir.1990).

Where rule 60(b)(4) is properly invoked on the basis that the underlying judgment is void "relief is not a discretionary matter, it is a mandatory, Omer v Shalala 30F.3d 1307,1310(10th Cir. 1994)quoting <u>V.T.A. Inc. v Airco Inc.</u>597 F.2d 220,224N.8(10th Cir.1979)

The judgment (siezure of assets) is void because of the jurisdictional defect in the courts authority to enter the judgment(seizure of assets) because the court lacked personal jurisdiction or because it lacked jurisdiction over the subject matter of the suit. Perphal v Perphal,105 Idaho 300,306,669 P.2d191195(1983);Diagotolu,133 Idaho at 647,P.2d at 379. The judgment to seize Allen Wolfson's assets is void because it was procured by extrinsic or collateral fraud and entered by a court that did not have jurisdiction over the subject matter of Allen Wolfson's assets. Rook v Rook 233 Va 92,95,353 S.E.2d 756,758(1987).

Once challenged jurisdiction can not be assumed and must be decided. Maine v Thiboutot 100 S.Ct.250. This court is required to prove on the record all jurisdiction asserted. "Lantana v Hopper 102 F.2d 188: Chicago v New York 37F.Supp 150.

This court cannot confer jurisdiction where non existed and cannot make a void proceeding valid. It is clear and well established law that a void order can be challenged in any court. Old Wayne Mut.L.Assoc. v Mcdonough 204 U.S. 8,27 S.Ct. 236(1907). The law is well settled that a void order or judgment is void even before refersal. Valley vNorthern Fire & Marine Ins Co. 254 U.S. 348,41 S.Ct.116(1920).

Courts are constituted by authority and cannot go beyond the power delegated to them. If this court acted beyond there authority,and certainly in contravention of it, their judgment and orders are regarded as nullities,they are not voidable,but simply void, and this even prior to reversal." Williamson v Berry,8Huw.945,540 12 L.Ed.1170,1189(1850).

There is no discretion to ignore lack of jurisdiction.Joycce v U.S. 474 2 D,215. This court must prove on the record,all jurisdiction facts related to the jurisdiction asserted. "Latana v Hopper,102,F.2d 188:

<u>Chicago v New York</u> 37 F Supp 150."The law provides that once State and Federal Jurisdiction has been challenged it must be proven." 100 S.Ct. 2502(1980). Defense of lack of jurisdiction over the subject matter maybe rasied at any time,even on appeal. " <u>Hill Top Developers v Pines Service Corp</u>;478 So.2d(Fla.2nd DCA 1985).

For the court to pronounce upon a law's meaning or constitutionality when it has no jurisdiction to do so is by definition an ultra vires act. This court was to do an unathorized act beyond the scope of power allowed or granted by law.

This court had no jurisdiction to be able to seize Allen Wolfson's assets. This court acted beyond the power delegated to it . It they act beyond that authority there judgment and orders are regarded AS nullities and thus are void. This court should order the SEC and the reciever to return his assets. If unable to return the assets thecourt should have a jury trial to determine the value of assets illegally taken.

Respectfully,

*Allen Wolfson*
Allen Wolfson

-3-

Certificate of Service

I have sent a copy of the enclosed motion labeled 60(b) to tthe following by first class U.S. amil. The followingaas as follows:

Thomas Melton attorney for
Securities and Exchange Commission
15 West South Temple
suite 1800
Salt L:ake City utah 84101

David Broadbent reciver
Holland & Hart Law Firm
60 ERast South Temple
suite 2000
Salt lake City Utah 84111


Marcy Glenn attorney
Holland & Hart LLP
555 17th Street
suite 3200
Denver Colorado 80202



Dated this  22 of January 2008.

Respectfully,

*Allen Wolfson* (signature)

Allen Wolfson

Allen Wolfson
03430-018
Metropolitan Detention Center
P.O. BOX 329002
Brooklyn New York 11232

legal mail

Clerk of the Court
United States District Court House
350 South Main Street
Salt Lake City Utah 84101