IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID M. WOLFSON, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING ALLEN Z. WOLFSON'S MOTIONS TO INTERVENE<br><br>Case No. 2:03-CV-914 TS |

This matter comes before the Court on Allen Z. Wolfson's Motions to Intervene.[1] The Tenth Circuit remanded for a consideration of Mr. Wolfson's motions to intervene. For the reasons discussed below, the Court denies Mr. Wolfson's motions.

I.  Factual Background

The Securities and Exchange Commission ("SEC") commenced this civil enforcement action, charging numerous individual and corporation defendants with violating the federal securities laws by fraudulently raising funds from investors.[2] A receiver was appointed and

---

[1] Docket Nos. 545 and 580.

[2] *See* Docket No. 785. The factual background is quoted nearly verbatim from the Tenth Circuit's opinion remanding this case to this Court.

1

given broad powers to preserve, take control of, and liquidate the defendants' property for the benefit of the defrauded investors. The receiver proceeded to discharge his duties, while the SEC obtained consent judgments from many of the defendants, including an individual defendant, David Wolfson. Final judgment for the SEC against David Wolfson was signed by the Clerk of Court on December 23, 2004.[3]

II. Procedural History

Allen Wolfson, the father of Defendant David Wolfson, has made multiple filings in this case,[4] as well as filing several lawsuits of his own, all of which are currently before Judge Benson.[5] The filings in this case and the other five cases before Judge Benson all make the same allegations, namely that assets seized and sold in this action from David Wolfson actually belong to Allen Wolfson and that Allen Wolfson's constitutional rights have been violated by the actions of the SEC and the appointed receiver.

In this case, Allen Wolfson made several motions that were ultimately denied.[6] In denying these motions, the court also noted that future filings by Allen Wolfson would be lodged, but not filed, because he was not a party to the case.[7] Allen Wolfson filed a Notice of

---

[3] Docket No. 414.

[4] By this Court's count, Allen Wolfson has filed twenty-five documents in this case alone. *See* Docket Nos. 478, 506, 528, 532, 533, 540, 545, 559, 562, 563, 565, 568, 580, 581, 582, 779, 780, 781, 782, 788, 793, 794, 795, 799 and 800.

[5] Case Nos. 2:06-CV-422 DB, 2:06-CV-421 DB, 2:07-CV-219 DB, 2:06-CV-435 DB and 2:06-CV-994 DB.

[6] Docket No. 592.

[7] *Id*.

Appeal to the Tenth Circuit.[8] The Tenth Circuit issued a mandate vacating the judgment to the extent that it denied Allen Wolfson's attempt to intervene in this action. The case was remanded to consider Allen Wolfson's motions as motions to intervene and evaluate those motions on the merits.

This Court held a status conference on March 3, 2008, in which the SEC was directed by the Court to file a status report or letter regarding Allen Wolfson's attempts to intervene.[9] The Court has received that letter and based on that communication and a thorough review of the previous filings in this case, evaluates Allen Wolfson's motions to intervene as follows.

    III.    Rule 24

"Under Rule 24(a), an applicant may intervene as a matter of right if (1) the application is timely, (2) the applicant claims an interest relating to the property or transaction which is the subject of the action, (3) the applicant's interest may be impaired or impeded, and (4) the applicant's interest is not adequately represented by existing parties."[10] However, "[a]bsent extraordinary and unusual circumstances, intervention by a party who did not participate in the litigation giving rise to the judgment should not be permitted."[11]

The basis for all of Allen Wolfson's contentions is his purported ownership of the assets. He asserts that because certain assets were owned by him, not by his son David, they were

---

[8] Docket No. 598.

[9] Docket No. 796.

[10] *Elliot Ind. Ltd. P'ship v. BP American Prod. Co.*, 407 F.3d 1091, 1103 (10th Cir. 2005) (citing *Coalition of Ariz./N.M. Counties for Stable Econ. Growth v. Dep't of Interior*, 100 F.3d 837, 840 (10th Cir. 1996)).

[11] *Meredith v. Schreiner Transport, Inc.*, 814 F. Supp 1001, 1003 (D. Kan. 1993).

improperly included in the receivership orders that have issued and that disposal of those properties amounts to a constitutional violation of his rights. The SEC contends that based on the evidence presented, the Court's determination that the assets in question were under the control of David Wolfson was correct and the assets were properly included in the receivership. The SEC notes that David Wolfson was the point of contact for the corporations in question,[12] that David Wolfson had power of attorney from his father to control Allen Wolfson's assets, as admitted several times by Allen Wolfson,[13] and that tainted funds were used by David Wolfson to make payments on the assets included in the receivership, also admitted by Allen Wolfson.[14]

The Court finds that with respect to the first factor, Allen Wolfson's motion for intervention is not timely. Final judgment against David Wolfson in favor of the SEC was signed by Judge Kimball on December 22, 2004.[15] That order stated that Defendant David Wolfson had transferred his interest in several properties, including the Adobe Hills Ranch, to the Receiver.[16] The order confirming the sale of the Adobe Hills Ranch was entered on March 30, 2005.[17] Even without considering the ultimate question of ownership, Allen Wolfson was dilatory by waiting to file his motion. The Tenth Circuit has instructed this Court to consider Docket Nos. 545 and 580 as Allen Wolfson's motions to intervene. Those were filed on

---

[12]*See* Docket No. 481 at 6, 12, 17 and 22.

[13]*See* Docket No. 800 at 3.

[14]Docket No. 478 at 2.

[15]Docket No. 413.

[16]*Id.* at 4.

[17]Docket No. 450.

November 29, 2005 and February 3, 2006, respectively, or 244 days and 310 days after the order confirming the sale of the Adobe Hills Ranch. Therefore, none of Allen Wolfson's filings are timely.

      As for his purported sole ownership in the properties, Allen Wolfson makes several bald assertions but offers no supporting evidence. In fact, the Court has already decided that based on the evidence presented regarding ownership, the properties were properly included in the receivership as assets under the control of David Wolfson. By his own admission, Allen Wolfson contradicts his assertion that he is the sole owner of the assets in question. He admits that his son held a power of attorney in order to attend to business while Allen Wolfson was incarcerated.

      Allen Wolfson has filed multiple suits that all implicate the same set of facts asserted in his motions to intervene. The Court finds that in light of the findings already made regarding ownership in the properties and because there are other avenues for redress that will not prejudice the adjudication of the rights of the original parties in this suit,[18] Allen Wolfson's interest is not impeded or impaired such that intervention of right is established.

      As for the fourth factor, Allen Wolfson was not included as a party in the original suit. The Court finds that this weighs in favor of intervention for Mr. Wolfson, because his rights could not have been adequately represented if he was not even a party. However, in light of the other factors previously discussed, the Court finds that Allen Wolfson does not meet the requirements for intervention of right.

---

[18]Fed. R. Civ. P. 24(b)(3) states that "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."

IV.     Conclusion

For the reasons discussed above, it is therefore

ORDERED that Allen Wolfson's Motions to Intervene (Docket Nos. 545 and 580) are DENIED.

DATED   March 27, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge