IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>      v.<br><br>DAVID M. WOLFSON; NUWAY HOLDING, INC., a Nevada corporation; MOMENTOUS GROUP, LLC, a Utah limited liability company; LEEWARD CONSULTING GROUP, LLC, a Utah limited liability company; SUKUMO LIMITED, a company incorporated in the British Virgin Islands (a.k.a. SUKUMO GROUP, LTD., FUJIWARA GROUP, FIRST CHARTERED CAPITAL CORPORATION, FIRST COLONIAL TRUST, FIRST CHINA CAPITAL, AND INTERNATIONAL INVESTMENT HOLDING); MICHAEL SYDNEY NEWMAN (A.K.A. MARCUS WISEMAN); STEM GENETICS, INC., a Utah corporation; HOWARD H. ROBERTSON; GINO CARLUCCI; G & G CAPITAL, LLC, an Arizona and Utah limited liability company; F10 OIL AND GAS PROPERTIES, INC. (A.K.A. GFY FOODS, INC.); JON H. MARPLE; MARY E. BLAKE; JON R. MARPLE; GRATEFUL INTERNET ASSOCIATES, LLC, a Colorado limited liability company; DIVERSIFIED FINANCIAL RESOURCES CORPORATION, a Delaware corporation; JOHN CHAPMAN; VALESC HOLDINGS, INC., a New Jersey corporation; JEREMY D. KRAUS; SAMUEL COHEN; NCI HOLDINGS, INC., a Nevada corporation,<br><br>                    Defendants,<br><br>ALLEN Z. WOLFSON,<br><br>  Notice Party and Proposed Intervenor-Defendant. | **MEMORANDUM DECISION AND ORDER DENYING SUPPLEMENTAL MOTION TO INTERVENE**<br><br>Case No. 2:03-CV-00914-CW<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge David Nuffer |

Proposed Intervenor-Defendant Allen Z. Wolfson's (Wolfson) Supplemental Motion to Intervene[1] is before this Court.  This case is before the magistrate judge pursuant to 28 U.S.C. §636(b)(1)(B).[2]

## Introduction

The Securities and Exchange Commission (SEC) began this civil enforcement action in 2003, charging numerous individual and corporate defendants with violating federal securities laws by fraudulently raising funds from investors.[3]  One of the individuals charged was David Wolfson, son of Allen Wolfson who has never been a party to this case.[4]  In December 2004, the SEC obtained a consent judgment against David Wolfson, which included a disgorgement order exceeding three million dollars.[5]  Pursuant to the consent judgment as satisfaction of the disgorgement order, David Wolfson transferred his interest in various companies to the court-appointed receiver.[6]

Beginning in 2005, Allen Wolfson filed several pro se motions and documents in this case, all of which were denied because he was not a party.[7]  None of these motions were motions to intervene.[8]  Wolfson's various motions and documents alleged that in the process of bringing charges and enforcing the disgorgement order against Wolfson's son, the SEC had seized

---

[1] Supplemental Motion to Intervene, docket no. 886, filed Aug. 29, 2011.

[2] Docket Text Order referring case to Magistrate Judge David Nuffer, docket no. 868, filed Oct. 7, 2010.

[3] *See Wolfson v. Clayton*, 253 F. App'x 752, 753 (10th Cir. 2007).

[4] Complaint, docket no. 1, filed Oct. 16, 2003.

[5] Consent of David M. Wolfson to Final Judgment of Permanent Injunction and Other Relief at 2, docket no. 410, filed Dec. 21, 2004.

[6] *Id.* at 3.

[7] Order at 1, docket no. 592, filed Mar. 9, 2006.  Additionally, the Court noted "he has never moved to intervene in this action, nor has he demonstrated that he should be permitted to intervene.  At this point in the litigation, the court would not permit his intervention in any event." *Id.*

[8] *Id.*

property that belonged to Allen Wolfson, not to his son David Wolfson.[9]  Allen Wolfson appealed the denial of the motions to the Tenth Circuit,[10] which remanded the case to consider two of the motions as motions to intervene.[11]  After careful consideration, those motions to intervene were ultimately denied on March 27, 2008.[12]  Wolfson appealed that order to the Tenth Circuit, which affirmed on October 8, 2008.[13]  Wolfson then petitioned for writ of certiorari to the U.S. Supreme Court, which denied his petition on February 23, 2009.[14]  It is the March 27, 2008 order denying his intervention that Wolfson now asks this Court to reconsider.

## DISCUSSION

Wolfson argues that the order denying intervention should be reconsidered based on "new factors and evidence," namely that:

- the receiver recently returned 59 boxes of documents that were seized at the outset of this litigation,[15]

- attempts to secure remaining documents and various assets related to companies Wolfson alleges he owns have proven unsuccessful,[16]

---

[9] *See, e.g.*, Motion for Appointment of Attorney at 2–3, docket no. 478, filed Jun. 10, 2005; Motion to Allow Allen Wolfson to Counter Sue and deny expansion of receivership and grant request for Attorney at 2–4, docket no. 506, filed Aug. 1, 2005; Motion Denying Expansion of Receivership and a Hearing by Telephone at 2–3, docket no. 540, filed Nov. 21, 2005.

[10] Notice of Appeal, docket no. 508, filed Apr. 3, 2006.

[11] *Wolfson v. Clayton*, 253 F. App'x at 755-56.

[12] Memorandum Decision and Order Denying Allen Z. Wolfson's Motions to Intervene at 3–6, docket no. 801, filed Mar. 28, 2008.

[13] *SEC v. Broadbent*, 296 F. App'x 637, 640 (10th Cir. 2008).

[14] *Wolfson v. Broadbent*, 555 U.S. 1181 (2009).

[15] Memorandum of Points and Authorities in Support of Supplemental Motion to Intervene (Supporting Memorandum) at 5, 7, docket no. 887, filed Aug. 29, 2011.

[16] Supporting Memorandum at 5–8, 10; Reply Memorandum in Support of Supplemental Motion to Intervene (Reply Memorandum) at 1–2, docket no. 892, filed Sept. 22, 2011.

- his 2001 and 2003 tax returns are proof he owned certain companies at the time they were seized by the SEC,[17] and

- a New York court determined he was incompetent to be sentenced in May 2008.[18]

Although Wolfson alleges no procedural ground for reconsideration of the order denying intervention,[19] his new supplemental motion is evaluated under Federal Rule of Civil Procedure 60(b)(2), (6).[20]  At the outset, "[r]elief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances," and furthermore, "a Rule 60(b) motion is not a substitute for an appeal."[21]

## Wolfson's Motion is Untimely Under FRCP 60(b)(2)

Rule 60(b)(2) states that a "court may relieve a party . . . from a final . . . order [based on] . . . newly discovered evidence," however the motion "must be made within a reasonable time— and . . . no more than a year after the entry of the . . . order."[22]  The order denying intervention was entered March 28, 2008, and this supplemental motion to intervene was filed Aug. 29, 2011, clearly in excess of the strict one-year time limit.  Wolfson wishes to toll this time period based

---

[17] Supporting Memorandum at 11–12, Ex. 1; Reply Memorandum at 5, Ex. 1.

[18] Supporting Memorandum at 4–5, 9-10, Ex. 3; Reply Memorandum at 2–3.

[19] Reply Memorandum at 3 (stating this supplemental motion "is not governed or barred by Rule 60 of the Federal Rules of Civil Procedure"); *see* Supporting Memorandum at 8–9.

[20] *See* Fed. R. Civ. P. 60, Committee Notes on Rules—2007 Amendment.

> The final sentence of former Rule 60(b) said that the procedure for obtaining any relief from a judgment was by motion as prescribed in the Civil Rules or by an independent action. That provision is deleted as unnecessary.  *Relief continues to be available only as provided in the Civil Rules or by independent action.*

 (Emphasis added).

[21] *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., Inc.*, 909 F.2d 1437, 1440 (10th Cir. 1990).

[22] Fed. R. Civ. P. 60(c)(1); *see Estate of Ricci v. Salt Lake City Corp.*, 2008 U.S. Dist. LEXIS 143, *3-4 (D. Utah Jan. 2, 2008) (finding "one-year limitations period is absolute" and "runs from the date the judgment was 'entered' in the district court; it does not run from the date of an appellate decision").

on a New York court's determination that he was incompetent to be sentenced as of May 2008.[23]
First, it is unclear what effect, if any, a determination of incompetency to be sentenced in a
criminal proceeding would have on a procedural time limit in an unrelated civil proceeding.
Neither Wolfson nor the SEC has provided any relevant case law on the issue.  However, it is not
necessary to determine the effect of the criminal case incompetency determination, because the
New York district court that found Wolfson incompetent to be sentenced found that his
competency had been restored as of October 13, 2009.[24]  Thus, the period of incompetency
ended October 13, 2009, so any tolling ended as of that date.  This motion was filed nearly two
years later, in August 2011.  Wolfson is well beyond the one-year time limit to bring a motion
under Rule 60(b)(2).  There is therefore no need to evaluate whether any of the evidence
Wolfson has presented constitutes "newly discovered evidence" under Rule 60(b)(2).

### Wolfson's Motion Is Also Untimely Under Rule 60(b)(6)

"Rule 60(b)(6) is a catchall provision, allowing relief from judgment for any other reason
justifying relief."[25]  While the strict one-year time limit does not apply to motions under
60(b)(6), such motions must still be brought "within a reasonable time."[26]  Furthermore, in
addition to the "high[] hurdle to overcome" for all Rule 60(6) motions, "Rule 60(b)(6) relief is
even more difficult to attain and is appropriate only when it offends justice to deny such
relief."[27]  "Despite the rule's inviting language . . . 'a party must show extraordinary

---

[23] Supporting Memorandum at 11; Reply Memorandum 2–3.

[24] Order, *USA v. Wolfson, et al.*, Case 1:00-cr-00628-JGK, S.D.N.Y., docket no. 276, filed Oct. 14, 2009; Order, *USA v. Wolfson, et al*., Case 1:02-cr-01588-JGK, S.D.N.Y., docket no. 141, filed Oct. 14, 2009.

[25] *Estate of Ricci v. Salt Lake City Corp.*, 2008 U.S. Dist. LEXIS 143, at *4 (D. Utah Jan. 2, 2008) (internal quotations and citations omitted).

[26] Fed. R. Civ. P. 60(c)(1).

[27] *Estate of Ricci*, 2008 U.S. Dist. LEXIS 143, at *4 (internal quotations and citations omitted).

circumstances suggesting that the party is faultless in the delay.'"[28]

The Tenth Circuit has held that confinement to a mental institution *may* meet "the heavy burden to justify relief" under 60(b)(6).[29]  Wolfson was adjudicated incompetent to be sentenced by the New York court from May 2008 to October 2009—approximately eighteen months. But forty-one months had passed since the entry of the order denying his motion to intervene, by the time this supplemental motion was brought.[30]  In addition, Wolfson has been out of federal custody since September 2010,[31] leaving almost another full year before he brought this supplemental motion.  Furthermore, throughout the three years from the order denying intervention to the filing of his supplemental motion to intervene, Wolfson filed numerous documents with this Court—many during the period he was confined based on incompetency[32]––as well as an appeal to the Tenth Circuit and a petition for writ of certiorari to the U.S. Supreme Court.  During this time, he was also pursuing separate actions against various individuals relating to this action presenting similar facts to those alleged in this case.[33]  In short, Wolfson can hardly be deemed "faultless" in his delay of over three years in bringing this motion.  As such, Wolfson has failed to meet the very high burden justifying relief under Rule 60(b)(6), therefore this Court should not reconsider the March 28, 2008 order denying Wolfson's motions to intervene.

---

[28] *Advanced Optics Elecs., Inc. v. Robins*, 769 F. Supp. 2d 1285, 1311 (D.N.M. 2010)  (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993)).

[29] *Cothrum v. Hargett*, 178 F. App'x 855, 858 (10th Cir. 2006) (finding that a prisoner's documented mental illness that did not require confinement or inpatient care did not meet the heavy burden under 60(b)(6)).

[30] From March 28, 2008 to Aug. 29, 2011.

[31] Reply Memorandum at 2.

[32] Letter from Allen Wolfson, docket no. 822, received July 16, 2008; Order Requesting that all funds that are liquidated from assets that belonged to Intervenor be placed in escrow, docket no. 836, received Aug. 18, 2008; Letter from Allen Wolfson, docket no. 851, received Jan. 8, 2009.

[33] Case Nos. 2:06-CV-421 DB; 2:06-CV-422 DB; 2:06-CV-435 DB; 2:06-CV-994 DB; and  2:07-CV-219 DB.

**ORDER**

Wolfson's Supplemental Motion to Intervene[34] is DENIED.

Dated this 17th day of March, 2012.

BY THE COURT

Magistrate Judge David Nuffer

---

[34] Supplemental Motion to Intervene, docket no. 886, filed Aug. 29, 2011