IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SECURITIES & EXCHANGE COMMISSION,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DAVID M. WOLFSON, et al.,<br><br>　　　　　　　　　　Defendants. | **ORDER**<br><br>Case No.  2:03-CV-0914<br><br>Judge Clark Waddoups |

　　　　Before the court is the magistrate judge's Report and Recommendation (Rep. Rec.) (Dkt. No. 909) of Allen Z. Wolfson's supplemental Motion to Intervene (Dkt. No. 886).  In reviewing the Report and Recommendation under a 28 U.S.C. § 636(b)(1)(B) referral, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  § 636(b)(1).  The court adopts the magistrate judge's statement of facts and articulation of the standards of review.  (Rep. Rec., 1-3.)  Mr. Wolfson objects to the magistrate judge's report and recommendation that his motion be denied, arguing that his motion was not untimely under Rule 60, and that he otherwise filed his motion in a reasonable time.  (Objection, 3-12) (Dkt. No. 911).  The court will consider each argument in turn.

　　　　A "court may relieve a party . . . from a final . . . order [based on] . . . newly discovered evidence."  Fed. R. Civ. P. 60(b)(2).  Such a motion, however, "must be made . . . no more than a year after the entry of the . . . order."  Fed. R. Civ. P. 60(c)(1).  Exceptions to this time

requirement are motions made under the catch-all provision whereby the court may grant relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). In such a case, the filings must still be filed "within a reasonable time." Fed. R. Civ. P. 60(c)(1). The Supreme Court has found that this requires that a party show "'extraordinary circumstances' suggesting that the party is faultless in the delay." *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993). Mr. Wolfson brings this motion under both Rule 60(b)(2) and Rule 60(b)(6). Because Mr. Wolfson uses common facts to forward both theories, the court will analyze them concurrently.

Mr. Wolfson has argued that his incompetency – as found by the United States District Court for the Southern District of New York – tolled the Rule 60(c)(1) one-year time limit. The magistrate judge found that even if this were true, Mr. Wolfson is still barred from moving under Rule 60(b)(2) because he filed his supplemental Motion to Intervene on August 29, 2011, (Mot. Intervene) (Dkt. No. 886), which is more than a year after his competency was restored on October 13, 2009. Mr. Wolfson now objects to the magistrate judge's Report and Recommendation, arguing that the October 13, 2009 order was not the date his competency was restored, but rather the date that Mr. Wolfson was simply ordered to be transported for sentencing. (Objection, 5.) Rather, Mr. Wolfson contends that he was not actually declared competent until his sentencing on May 26, 2010. (Objection, 5.) The court disagrees for two reasons.

First, the October 13, 2009 order at issue states:

> The Bureau of Prisons should now see that the defendant, Allen Wolfson, is transferred back to New York as promptly as possible so that he can be sentenced. The court appreciates the treatment afforded to the defendant so that he is competent to be sentenced.

*USA v. Wolfson, et al.*, No. 1:02-cr-1588-JGK (S.D.N.Y October 14, 2009) (Dkt. No. 141).

Despite the fact that the court found Mr. Wolfson was competent at the time of his sentencing, it is obvious by the above Order that his competency was restored as of October 13, 2009. Indeed, the court could hardly have ordered Mr. Wolfson transferred for sentencing "as promptly as possible" or comment that Mr. Wolfson "is competent" unless his competency was restored. Accordingly, Mr. Wolfson's contention is rejected.

Second, in the event that the court accepted Mr. Wolfson's argument that his competency was restored on May 26, 2010, the August 29, 2011 filing would still have exceeded the one-year time limit. The fact that only 50 boxes were returned to him in January 2011 is of no moment. (Objection, 2.) Whatever else happened from 2003 to 2011, it is uncontested that Mr. Wolfson had both notice of the ongoing litigation and plenty of time to consider his interests in the effected assets. January 2011 did nothing to change that interest. And, the fact that the "lack of those records . . . impeded and negatively affected Wolfson's efforts in this case" has no logical connection with the fact that Mr. Wolfson failed to timely file his Rule 60(b)(1) motion. (Objection, 10.)

Mr. Wolfson also argues that his motion should survive for fourteen reasons that justify relief under Rule 60(b)(6). (Objection, 7-10.) The court is not persuaded. The fact that Mr. Wolfson has been in federal custody, has been required to receive psychiatric assistance, has felt the need to hire legal counsel, has failed to secure missing records, and has failed to resolve his complaints informally with the SEC, simply demonstrates in the aggregate an unfortunate series of events. But they do not rise to the level of "extraordinary circumstances." *See Advanced Optics Elecs. Inc. v. Robins*, 769 F. Supp. 2d 1285, 1311 (D.N.M. 2010) (quoting *Pioneer*, 507 U.S. at 393). The fact that Mr. Wolfson admits that he was aware that his corporate files and documents were seized in 2003 during periods of competency and failed to take appropriate

3

action is fatal to his argument. Whether his inaction was due to "excusable neglect" or not, these facts demonstrate that he was not "faultless in the delay." *Pioneer*, 507 U.S. at 393.

Finally, even if Mr. Wolfson's motions to intervene were not barred as untimely, the court concludes that Mr. Wolfson has also failed to present persuasive evidence that he has a recognizable ownership interest in the assets that are subject to the receivership or otherwise has any other interest in the subject matter of the action. Indeed, in the original order denying Mr. Wolfson's motion to intervene, Judge Stewart noted that Mr. Wolfson made "several bald assertions but [offered] no supporting evidence" regarding his purported ownership in the properties. (Order 3/27/08, 5) (Dkt. No. 801). Despite this concern of the court, Mr. Wolfson has continued to fail to present stock certificates, deeds or other title documents to verify his purported interest. Absent such evidence, Mr. Wolfson's motion would therefore fail in any event.

Accordingly, Mr. Wolfson's argument is rejected and the court ADOPTS the magistrate judge's report and recommendation. Mr. Wolfson's motion to reconsider his motion to intervene is DENIED.

DATED this 1st day of June, 2012.

BY THE COURT:

_____

Clark Waddoups
United States District Judge